UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| ALPHA TELECOM, INC., AMERICAN TELECOMMUNICATIONS CO., INC., | § § § § § | CIVIL ACTION NO.  SA-06-MC-0456 OG |
| Defendants, | § § | |
| -------------------------------------------------------- | § § | |
| ERNEST BUSTOS, | § § | |
| Movant, | § § | |
| v. | § § | |
| ALPHA TELECOM, INC., AMERICAN TELECOMMUNICATIONS CO., INC., | § § § § | |
| Respondents. | § § | |

**ORDER DENYING MOTION TO QUASH AND RETURNING CASE TO DISTRICT COURT**

Before the Court is movant Ernest Bustos's motion to quash the respondents' notice of intention to take Bustos's deposition and a subpoena duces tecum to produce certain documents. I conducted a hearing on this matter on this day and determined that the motion should be denied for the reasons set forth below.

The respondents have secured a disgorgement judgment against Bustos. Under Rule 69(a) of the Rules of Federal Civil Procedure, judgment creditors such as the respondents may obtain discovery from the judgment debtor in their efforts to execute their judgment.[1] Although Rule 62 provides for a stay in the

---

[1] FED. R. CIV. P. 69(a) ("In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which

execution of a judgment upon the filing of a supersedeas bond,[2] Bustos has not provided a supersedeas bond. As a result, no authority exists for interfering with the respondents' efforts to enforce their judgment.[3]

In regard to Bustos's complaints about the scope of the subpoena duces tecum, however, the scope of Item 13 of the subpoena duces tecum appears unreasonable. That item seeks documents covering the time period from September 24, 1991 to the date of service of the notice of deposition. Other items seek documents arising during the 36-month time period preceding the notice. Because the relevance of documents beyond the 36-month time period is not apparent, I GRANT the motion to quash (docket entry #2) to the extent the subpoena duces tecum in Item 13 seeks documents relating to the time period beyond the 36 months preceding the notice and DENY the motion in all other respects.

The matter is returned to the District Court, all matters for which it was referred having been acted upon.

It is so ORDERED.

**SIGNED** on November 21, 2006.

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

the district court is held.").

[2] FED. R. CIV. P. 62 ("When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.").

[3] During the hearing on this matter, Bustos relied on an order in an unrelated case where the defendants asserted their privilege against self-incrimination in their efforts to resist a disgorgement proceeding. *See SEC v. Rehtorik*, 755 F. Supp. 1018 (S.D. Fla.,1990). That order does not control Bustos's request. Unlike the prior case, Bustos has not asserted the privilege against self-incrimination and he has not indicated that he faces criminal prosecution.